USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                 :
  UNITED STATES OF AMERICA,              :
                 :
                 :
         -against-             :                 1:14-cr-225-GHW
                 :
  JOEL BRANFORD,                        :                     ORDER
                       Defendant.   :
                 :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On May 26, 2022, an application by the defendant for discovery was filed in connection with his pending petition for a writ of habeas corpus.  Dkt. No. 277.  Accompanying that application were an affidavit and two sets of discovery requests:  interrogatories directed to one individual, and a request for any document associated with a particular shipping container transported between December 1, 2009 through February 28, 2010.  Dkt. Nos. 275, 276, 278.  The request for production was directed to the United States and a private shipping company.

      Mr. Branford has not shown good cause to permit him to take discovery in this case.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997).  Under the Rules Governing § 2255 Cases, the Court may grant a petitioner leave to pursue discovery "for good cause."  Rules Governing § 2255 Cases ¶ 6(a).  "A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."  *Id.* ¶ 6(b).

      The Court has reviewed Mr. Branford's application, applying the special solicitude to which *pro se* litigants are entitled, and concludes that he has not made a showing of good cause to permit the discovery that he seeks.  Mr. Branford's discovery requests reveal an attempt to engage in a

fishing expedition: he asks for all documents related to a particular shipping container for a specified period over a decade ago; he asks an individual agent to affirm that he "followed all established procedures in the case . . ." when he conducted a search. Dkt. No. 276. There is a substantial record in the underlying criminal record. Mr. Branford has not made a sufficient showing of good cause to permit these discovery requests to proceed at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Branford at his current address and to file proof of service on the docket. The Clerk of Court is further directed to terminate the motion pending at the motion at Dkt. Nos. 276 and 277 in this matter, and at Dkt. No. 10 in the related civil action, 22-cv-1264 .

SO ORDERED.

Dated: May 26, 2022
      New York, New York

                                                              _____
                                                              GREGORY H. WOODS
                                                              United States District Judge