UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2023
```

---------------------------------------------------------- X
                                           :

   UNITED STATES OF AMERICA,          :
                                             :
                                             :
                     -against-             :                         1:14-cr-225-GHW
                                             :
   JOEL BRANFORD,                    :
                                             :                            ORDER
                             Defendant.   :
                                             :
---------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On June 13, 2022, Petitioner filed a motion for reconsideration of the Court's order denying his application to take discovery. Dkt. No. 280 (the "Motion for Reconsideration"). Petitioner has also filed an additional requests for the production of discovery. Dkt. No. 278 (the "Motion for Discovery"). The Court has reviewed the Motion for Reconsideration and has determined that it does not provide a basis for the Court to reconsider its decision. And the Motion for Discovery should be rejected because Mr. Branford has again not shown good cause to take discovery.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*,

152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Because Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's assertions and "interpret[ ] [them] to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks and citation omitted)).

Even given the liberal construction afforded to *pro se* litigants, the Court can discern no legal basis for granting Petitioner's Motion for Reconsideration. The Court fully considered the arguments presented in connection with the Mr. Branford's petition for *habeas* relief when considering the prior motion for discovery.

Petitioner's Motion for Discovery is denied for the same reason as his earlier request for discovery. Mr. Branford has not shown good cause to permit him to take discovery in this case. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997). Under the Rules Governing § 2255 Cases, the Court may grant a petitioner leave to pursue discovery "for good cause." Rules Governing § 2255 Cases ¶ 6(a). "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id.* ¶ 6(b).

The Court has reviewed Mr. Branford's application, applying the special solicitude to which pro se litigants are entitled, and concludes that he has not made a showing of good cause to permit the discovery that he seeks. As the Court has laid out in length in its separate opinion denying Mr. Branford's petition for *habeas* relief, his petition has no merit. Further discovery in support of the meritless claims would not be appropriate.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  Mr. Branford has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 278 and 280. Finally, the Clerk of Court is directed to mail a copy of this order to Mr. Branford.

SO ORDERED.

Dated:  May 23, 2023
      New York, New York

_____
GREGORY H. WOODS
United States District Judge